**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 23 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES LEON CHEATHAM,

          Petitioner-Appellant,

v.

RON WARD,

          Respondent-Appellee.

No. 99-6254
(W. Dist. of Oklahoma)
(D.C. No. CIV-97-1464-R)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The court therefore honors the petitioner's request and orders the case submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on petitioner Charles Leon Cheatham's request for a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c).[2] Cheatham seeks a COA so that he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from the denial of a § 2254 petition unless the petitioner first obtains a COA). Cheatham is entitled to a COA only if he can make a substantial showing of the denial of a constitutional right. *See id.* § 2253(c)(2). Cheatham can make such a showing by demonstrating that the issues he raises are deserving of further proceedings, reasonably debatable among jurists of reason, or subject to a different resolution on appeal. *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983).

In a thorough and extensive Report and Recommendation, a magistrate judge recommended that Cheatham's petition be denied on the merits. In an equally thorough and well-reasoned Memorandum Opinion and Order, the district court accepted the magistrate's recommendations and dismissed Cheatham's petition. The court has undertaken a close review of Cheatham's request for a

---

[2]It is clear, for those reasons set forth in both Cheatham's and the respondent Ron Ward's response to this court's show cause order, that Cheatham's notice of appeal was timely filed under the prison mail-box rule set forth in *Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a *pro se* prisoner's notice of appeal is filed on the date it is deposited in the prison mail system to be mailed to the court).

COA and appellate brief, the magistrate judge's Report and Recommendation, the district court's Memorandum Opinion and Order, and the entire record on appeal. That close review demonstrate's that the district court's resolution of Cheatham's claims is neither subject to a different resolution on appeal nor deserving of further proceedings. Accordingly, this court **DENIES** Cheatham's request for a COA for substantially those reasons set out in the magistrate judge's Report and Recommendation dated July 31, 1998 and the district court's Memorandum Opinion and Order dated December 23, 1998, and **DISMISSES** the appeal.[3]

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[3]Because Cheatham ultimately paid the appellate filing fee in this case, his motion styled "Law Librarian Misconduct," construed by this court as a request for an extension of time to file a certified copy of his prison trust fund account, is denied as moot.